**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-1171**

_____

ALECIA Y. FARLEY,

> Plaintiff - Appellant,

and

MARVIN A. FARLEY,

> Plaintiff,

> v.

BANK OF AMERICA, N.A.; BANK OF AMERICA, N.A., as Successor by Merger to
BAC Home Loans Servicing, L.P.,

> Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.
John A. Gibney, Jr., Senior District Judge.  (3:14-cv-00568-JRS)

_____

Submitted:  May 22, 2025                     Decided:  May 28, 2025

_____

Before KING, AGEE, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Alecia Y. Farley, Appellant Pro Se.  Matthew Allen Fitzgerald, MCGUIREWOODS, LLP, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alecia Y. Farley appeals the district court's order denying her request to amend a prefiling injunction. We have reviewed the record and find no abuse of discretion in the district court's denial of leave to amend. *See Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004) (providing standard of review). Accordingly, although we grant Farley's motion to supplement her informal brief, we affirm the district court's order. *Farley v. Bank of Am., N.A.,* No. 3:14-cv-00568-JRS (E.D. Va. Feb. 10, 2025).

We note, however, that construing the prefiling injunction to apply to every case Farley seeks to file in the Eastern District of Virginia is inconsistent with the requirement that a prefiling injunction be "narrowly tailored to fit the specific circumstances at issue." *Cromer*, 390 F.3d at 818. When the filings giving rise to a prefiling injunction all relate to a particular controversy, "[a] narrowly tailored injunction . . . would address only filings in that or related actions. Prohibiting [the litigant] from making any filings in any unrelated suit [would] not address the problem at issue, and [would] therefore [be] an overbroad restriction." *Id.* at 819; *see also Adkins v. Whole Foods Mkt. Grp., Inc.*, 795 F. App'x 217, 218 (4th Cir. 2020) (vacating as overbroad an injunction prohibiting suit against "any other defendant" without assistance of counsel or leave of court).

The order imposing the prefiling injunction notes that "[t]he Farleys have filed several lawsuits related to the foreclosure of [their] home," and then imposes conditions that the Farleys must meet "[b]efore filing any such lawsuit." Mem. Op., *Farley v. Bank of America, N.A.*, No. 3:14-cv-568 (E.D. Va. June 11, 2015), ECF No. 53 at 12–13. The

3

injunction was affirmed on appeal, *see Farley v. Bank of America*, No. 15-1733 (4th Cir. Sept. 11, 2015), and we do not disturb it here. However, consistent with our case law and with the order imposing the injunction, we interpret the phrase "any such lawsuit" to mean "lawsuits related to the foreclosure of the [Farleys'] home." *Id.* at 12.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*